UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-403-H

ROBERT ALLEN HAYDEN                                                                  PETITIONER

V.

JOHN MOTLEY, WARDEN                                                                RESPONDENT

**MEMORANDUM OPINION**

    Petitioner, Robert A. Hayden, has filed a petition for writ of habeas corpus. Petitioner's essential claim is that his counsel should have not allowed him to enter a guilty plea because Petitioner was incompetent of doing so. Respondent has moved to dismiss it. The Court agrees with Respondent that Petitioner is not entitled to the writ.

I.

    On July 16, 1997, Hayden was indicted by a Nelson County Grand Jury for second degree burglary, first degree rape and second degree burglary. Later, on August 21, 1997, Hayden was indicted for possession of a forged instrument in the second degree. All of these charges arise from acts involving the same victim, Mary Wilkerson.

    On or about March 19, 1996, Hayden broke into Ms. Wilkerson's home and committed the acts charged. Hayden returned to Ms. Wilkerson's residence several months later, in January of 1997, and attempted to again break into Ms. Wilkerson's home. Due to the tremendous amount of increased safety equipment and devices Ms. Wilkerson had installed at her home after the first break-in, Hayden had more difficulty on his return trip. Hayden eventually left Ms.

Wilkerson's home without causing any physical injury of Wilkerson.

After his capture and indictment, Hayden appeared before the Nelson Circuit Court on March 25, 1998, and changed his plea from not guilty to one of guilty, in conjunction with the filing of the Commonwealth's offers on a plea of guilty and a pleading styled "Motion to Enter Plea of Guilty."

Under oath, Hayden stated that he had a tenth grade education; he could read and write; he had read and reviewed the plea agreements with counsel. Hayden stated that he had not been under the influence of drugs, alcohol or any other controlled substance in the prior forty-eight hours; was not taking any medication on a regular basis; and he had not ever been treated for mental or emotional problems. Hayden had discussed his cases with his counsel, and he was satisfied with the services of all of his counsel. Hayden confirmed that no threats or promises had been made to him to get him to plead guilty. The trial court then found Hayden competent to enter pleas.

During the explanations of rights, the Commonwealth's Attorney asked for an explanation of Hayden's statement to a police officer that he had been treated and/or hospitalized on one or more prior times in the past. In follow-up questioning, Hayden indicated that he had in fact been treated by a psychologist or psychiatrist in the past, but he stated that it had only been for drug counseling. Hayden's counsel confirmed that the previous treatment had been for drugs and was not related to Hayden's mental health status. The trial court stated that this issue was now resolved.

The trial court reviewed the factual basis for Hayden's pleas of guilty. Hayden acknowledged that he had broken into the home of the victim on January 9, 1997 with the intent

to commit a crime; that he broke into the victim's home in 1996 and raped her and that he was a persistent felony offender; and that he had in fact possessed a forged check in the amount of $1,500.00.

The court then questioned both of Hayden's privately retained counsel. Counsel stated to the court that there had been sufficient time, ability and resources to explain to and advise Hayden of any and all defenses to the charges. Counsel stated that they believed that Hayden was entering his plea voluntarily and knowingly. The court found this to be true. The court stated that this finding was based on the court's observation of Hayden, along with Hayden's answers to the court's questions, statements of Hayden's counsel, the fact that he executed plea agreements in all three cases, and the fact that he executed a motion to enter a guilty plea to all three cases.

Hayden stated he wanted the court to proceed and dispose of the cases with the plea agreements rather than having the cases go to trial. Hayden pled guilty to second degree burglary, first degree rape, persistent felony offender ("PFOI"), second degree burglary and second degree possession of a forged instrument.

The sentencing hearing took place on May 21, 1998. At the conclusion of the hearing, Hayden was sentenced as agreed upon by Hayden and the Commonwealth, as set forth in the plea agreements in the three cases. The Final Judgments of Conviction were entered on May 21, 1998, sentencing Hayden as agreed upon and as stated during the sentencing hearing.

On March 23, 1999, Hayden filed a motion to vacate his conviction and sentence, pursuant to Kentucky Rule of Criminal Procedure ( "RCr") 11.42. The Nelson Circuit Court entered an order on March 26, 1999, granting Hayden's request to proceed in forma pauperis,

and granted Hayden's motion for counsel to assist in the matter. On March 14, 2002, the Nelson Circuit Court denied Hayden's motion for relief and his request for a hearing. On April 15, 2002, Hayden filed a Notice of Appeal. The Court of Appeals affirmed Hayden's convictions. Hayden filed a Motion for Discretionary Review with the Kentucky Supreme Court in July of 2003. The Kentucky Supreme Court entered an order denying discretionary review on May 10, 2004. Petitioner then fled the current *pro se* petition for habeas corpus relief in the United States District Court, Western District of Kentucky at Louisville.

II.

As his first basis for relief, Petitioner contends his trial counsel provided ineffective assistance of counsel when "they coerced the Petitioner into pleading guilty to PFO charges despite his absolute defenses to such charges." Hayden did not present this claim to the Kentucky Supreme Court as a federal constitutional violation, nor did he raise the issue of any form of "coercion" by counsel. Rather, he argued that the appellate court had misapplied the Kentucky case of *Russell v. Commonwealth*, Ky.App., 992 S.W.2d 871 (1999) and that Hayden's conviction was void *ab initio* because he was statutorily ineligible for a charge of first degree PFO.

This Court cannot hear a procedurally defaulted § 2254 claim absent a showing of both (1) "cause" excusing his procedural default, and (2) "actual prejudice" resulting from the errors which he complains. *Bousely v. United States*, 523 U.S. 614 (1998); *Murray v. Carrier*, 477 U.S. 478 (1986); *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998). "Cause" must be "something external to the petitioner . . . '[a showing] that some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rules.'" *Murray v.*

*Carrier*, 477 U.S. at 488; *see also Coleman v. Thompson,* 501 U.S. 722 (1991).  Petitioner has failed to assert any external act or force which prevented him from raising this issue in his state court proceedings.

"Prejudice" in the procedural default context means "actual prejudice" resulting from the errors of which a petitioner complains.  *United States v. Frady*, 456 U.S. 152, 168 (1982).  The "actual prejudice" standard is not met by a showing that the alleged trial error created the possibility of prejudice; instead, a petitioner must show that the alleged trial error "worked to his *actual* and substantial disadvantage, infecting the [hearing] with error of constitutional dimensions."  *Frady*, 456 U.S. at 170.  Hayden has failed to satisfy this test.

The Court concludes that Petitioner has procedurally defaulted his claim that he was denied effective assistance of counsel regarding the defense to the first degree PFO charge or that he was in any way coerced by his counsel to plead guilty.  Consequently, this Court cannot consider this claim.

III.

Even if the Court did consider these claims, Petitioner cannot prevail on federal habeas corpus where the record clearly reflects that the plea was knowingly, intelligently and voluntarily made.  *Neyland v. Blackburn*, 785 F.2d 1283 (5th Cir. 1986).  Based on the findings of fact made by the state court, as well as the actions of Hayden and his declarations to the trial court, the state court finding that Hayden's guilty plea was voluntary was objectively reasonable.  *See Johnson v. Atherton*, 296 F.3d 991 (10th Cir. 2002).

The Kentucky Court of Appeals reviewed this issue thoroughly and rejected it.  Factual determinations by state courts are presumed correct, § 2254(e)(1), and this Court should not

overturn a factual determination of a state court unless those findings are objectively unreasonable in light of all the evidence presented. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). Petitioner has fallen well short of demonstrating that the determination of the Kentucky Court of Appeals was contrary to established federal law.

In the habeas petition, Hayden claims his trial counsel was ineffective for allowing Hayden to plead guilty to the PFOI charge when he was only subject to a PFOII charge. He asserts that, but for this error, he would have chosen to proceed to trial. Petitioner's second-guessing of his decision does not warrant any form of relief and certainly does not rise to the level of a constitutional violation. The Court finds no legitimate factual or legal basis for such a claim.

## IV.

The second part of Petitioner's first argument sets forth his claim that he was denied effective assistance of counsel when his defense counsel "failed to determine petitioner's mental competency and move the trial court for a mental competency evaluation." This claim was raised and thoroughly and properly addressed by the Kentucky state courts, indicating that Hayden's counsel were fully aware of his past substance abuse problems and no issues regarding Hayden's competency arose during his sentencing. No evidence whatsoever indicates that Hayden was incompetent to stand trial or that he had any claim of lack of criminal responsibility due to any form of mental illness. Any claim to the contrary is without merit.

Trial counsel has a clear "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). "[S]trategic choices made after less than complete investigation are reasonable

precisely to the extent that reasonable professional judgments support the limitations on investigation." *Burger v. Kemp*, 483 U.S. 776, 793-795 (1987). Review of counsel's performance under *Strickland* does not require an "archaeological digging expedition" into the past. *St. Pierre v. Walls*, 297 F.3d 617, 626-634 (7th Cir. 2002). Hayden's trial counsel did in fact investigate Hayden's background and was fully aware of Hayden's history of substance abuse problems and treatment for those problems.

The competency standard to stand trial is identical to the standard to plead guilty. *See Godinez v. Moran*, 509 U.S. 389, 397 (1993). The conviction of a legally incompetent person violates due process and where the evidence raises a bona fide doubt about the defendant's competency, due process requires that a full competency hearing be held. *Pate v. Robinson*, 383 U.S. 375 (1966). This case is unlike *Pate* and *Drope v. Missouri*, 420 U.S. 162, 173 (1975). In those cases there was extensive evidence of mental illness and bizarre behavior at the time of trial. In both cases, the trial court judges ignored evidence of mental incompetency even when it was thrust into the forefront of the criminal defense. *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983). As set forth by the Sixth Circuit Court of Appeals in *Bordenkircher*, their standard of review in such cases is: "Whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Pate v. Smith*, 637 F.2d 1068 at 1072 (6th Cir. 1981); *DeKaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976). Though Hayden is correct that a trial court is required, pursuant to KRS 504.100, to hold a competency hearing "when there are reasonable grounds to believe that the defendant is not competent to stand trial," the facts involved here does not support any finding of mental illness or of a "substantial" or

7

"bona fide" doubt of competence that would require a further competency evaluation.

The Court finds no basis to require counsel to have pursued the issue further. Hayden did have a history of substance abuse problems, but not issues involving mental competency. Hayden's trial counsel were fully aware of his history and background as was the Commonwealth. The trial court heard about it. The Kentucky Court of Appeals reviewed the record and rejected Hayden's contentions. It determined that the participants in this case were fully aware of Hayden's past substance abuse and that nothing in the record indicated that Hayden was incompetent to understand the proceedings and voluntary enter a plea of guilty.

V.

Petitioner's last claim is that his trial counsel rendered ineffective assistance when they "failed to adequately prepare for trial and thus failed to discover substantial available defenses to the petitioner's charges." This claim involves the potential admission of the rape kit and blood sample evidence at a trial that, of course, never occurred.

The claim petitioner revolves solely around the issue of whether or not the evidence he complains about would have been properly admitted in his trial, specifically whether the Commonwealth could have proven a substantial chain of custody as required by Kentucky Rule of Evidence 901(a). The state court's determination regarding the admissibility of evidence is a question of state law and the admission of that evidence is not reviewable on state habeas review. *Estelle v. McGuire*, 502 U.S. 62 (1991). The claim does not concern a matter of federal or constitutional law, but rather one purely relating to state evidentiary rules. Additionally, the issue raised by Petitioner in no way constitutes any form of a due process violation. Therefore, Petitioner's claims are not proper for federal habeas corpus review and are without merit.

Moreover, here the trial court never made a determination on this state evidentiary rule issue because Hayden entered a valid guilty plea. The Kentucky Court of Appeals concluded that nothing more than speculation existed as to whether or not the chain of custody could have been complete had the case gone to trial. Hayden acknowledged before the trial court that he in fact committed the crimes in questions. Hayden's valid guilty pleas waived all right to later challenge the evidence against him including chain of custody issues.

Hayden has failed to prove that the appellate court's finding of facts with regards to this claim were an unreasonable determination of the facts in light of the evidence presented. Hayden also failed to prove that the decision of the Kentucky Court of Appeals was contrary to or involved an unreasonable application of clearly established federal law.

The Court will enter an order consistent with this Memorandum Opinion.

cc:    Robert A. Hayden, *Pro Se*
       Counsel of Record